UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VEGA CAPITAL LONDON LIMITED and ADRIAN SPIRES,

        Movants,

-v.-

GLENCORE LTD.,

        Respondent.

24 Misc. 139 (KPF)

**ORDER**

---

KATHERINE POLK FAILLA, District Judge:

    This miscellaneous action was initiated on March 22, 2024, with a motion to compel Glencore LTD. ("Respondent"), to comply with a subpoena obtained by Vega Capital London Limited ("Vega") and Adrian Spires ("Spires") (the "Movants"), arising out of an underlying lawsuit currently pending in the United States District Court for the Northern District of Illinois. (Dkt. #5 ("Notice of Motion"); 6-7 (accompanying papers). *See Mish Int'l Monetary Inc.* v. *Vega Capital London, Ltd., et al.*, No. 20 Civ. 4577 (N.D. Ill.).

    The subpoena was issued by the United States District Court for the Northern District of Illinois on November 16, 2023, and was served on Respondent the next day. (Dkt. #2 at 5; Dkt. #3 at Ex. 5). The subpoena seeks documents and communications from Respondent related to antitrust and market manipulation claims at issue in the underlying lawsuit, which claims arise out of crude oil futures contracts. (Dkt. #2 at 1). Respondent has not appeared in this case and Movants' motion to transfer the case to the United States District Court for the Northern District of Illinois is unopposed.

Federal Rule of Civil Procedure 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." With respect to "exceptional circumstances," the Advisory Committee's 2013 Note to Rule 45(f) suggests that "[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas," and that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45 Advisory Committee's Notes to 2013 Amendment. "Rule 45(f) [is] primarily focused on avoiding piecemeal litigation." *Am. Plan Administrators* v. *S. Broward Hosp. Dist.*, 39 F.4th 59, 61 (2d Cir. 2022) (holding that an order transferring a motion under Rule 45(f) is not immediately appealable).

Courts in this District regularly "transfer[] similar motions to the issuing court where the issuing court is best-positioned to address the subpoena dispute given the nature of the dispute and the posture and complexity of the underlying action, where the issuing court has already set out a discovery schedule in the underlying action, and to serve the interests of justice and judicial efficiency." *Full Circle United, LLC* v. *Bay Tek Ent., Inc.*, 581 F. Supp. 3d 523, 525 (S.D.N.Y. 2022) (alteration adopted, internal quotation marks and citations omitted); *see, e.g.*, *Veritiv Operating Co.* v. *Cent. Nat'l Gottesman, Inc.*, No. 22 Misc. 250 (VB), 2022 WL 17585252, at *1 (S.D.N.Y. Nov. 23, 2022)

(transferring motion to compel to the Western District of Kentucky); *Honeywell Int'l Inc.* v. *Mazars USA LLP*, No. 21 Misc. 870 (ER), 2022 WL 94881, at *1 (S.D.N.Y. Jan. 10, 2022) (collecting cases).

Transfer of this action to the United States District Court for the Northern District of Illinois is appropriate in this case. Judge Shah, who is presiding over the underlying action, is best positioned to adjudicate the enforcement of this subpoena, especially given the impending considerations of challenges to the nearly 28 identical subpoenas issued by Movants in that action, the fact that Judge Shah is actively managing discovery in that action (which has been pending for more than three years), and the Movants' representation that the Illinois court is best situated to evaluate objections regarding relevance, trade secrets, or undue burden at it has access to the materials filed under seal pursuant to a protective order governing confidential discovery produced by parties and nonparties in the underlying litigation. (Dkt. #6 at 5-9). *See Google LLC* v. *Fortress Inv. Grp. LLC*, No. 20 Misc. 132 (KPF), 2020 WL 1304039, at *1 (S.D.N.Y. Mar. 18, 2020) (observing that "consistency in rulings and another judge's prior involvement in the underlying action [are] reasons for transferring [the] case" (citing *Wultz* v. *Bank of China, Ltd.*, 304 F.R.D. 38, 45-47 (D.D.C. 2014))).

The Court also observes that Respondent has not appeared nor has Respondent articulated any interest in having the motion resolved in this District. *Hilb Grp. of New York, LLC* v. *Associated Agencies, Inc.*, No. 23 Misc. 264 (LJL), 2023 WL 5183690, at *1 (S.D.N.Y. Aug. 10, 2023) (transferring unopposed motion to compel to the Eastern District of New York). Accordingly,

the Court "concludes that the judicial economy and consistency considerations outweigh any potential burden that a transfer may place on [Respondent]." *Drummond Co., Inc.* v. *VICE Media LLC*, No. 21 Misc. 859 (AJN), 2022 WL 445681, at *3 (S.D.N.Y. Feb. 14, 2022) (transferring motion to compel compliance with a Rule 45 subpoena because discovery was complicated and the court adjudicating the complex underlying action had already ruled on related discovery issues and was familiar with the facts of the action and their relation to the subpoena).

For the foregoing reasons, the Clerk of Court is directed to transfer this case to the United States District Court for the Northern District of Illinois, to terminate all pending motions, and to close this case.

SO ORDERED.

Dated:  March 26, 2024
        New York, New York

*[signature: Katherine Polk Failla]*

KATHERINE POLK FAILLA
United States District Judge